# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510　　　　　　　　　　　　　　　　　　　Telephone: (212) 317-1200
New York, New York 10165　　　　　　　　　　　　　　　　　　　　　Facsimile: (212) 317-1620

February 27, 2019

**VIA ECF**

Hon. Kevin N. Fox
United States Magistrate Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

　　　　　　　　　　　　　　　**Re:**　*Calderon Caralampio et al. v. Eva's 8th Street Food LLC et al.*
　　　　　　　　　　　　　　　　　Case No. 18-cv-9385-KNF

Your Honor:

　　　　This office represents Plaintiffs Armando Calderon Caralampio, Byron Alirio Ramos Baten, and Martin Mejia Canan ("Plaintiffs") in the above-referenced matter. We submit this letter, together with Defendants' counsel, to respectfully request that the Court approve the settlement reached between Plaintiffs and Defendants Eva's 8th Street Food, LLC, Steve Ayala, Nicholas Karakonstakis, Lisardo Lopez, and Jose Flores (the "Defendants," and together with Plaintiffs, the "Settling Parties").

　　　　The Settling Parties have agreed to a negotiated Settlement Agreement (the "Agreement") after extensive discussions and a settlement conference before your Honor. The proposed Agreement is attached hereto as **Exhibit A.** We therefore ask the Court to approve the settlement, pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).

　　　　The Settling Parties represent to the Court that while the Plaintiffs believe that the settlement amount is less than what they would be entitled to if he prevailed at trial, the settlement is nevertheless fair, as discussed herein.

**Background**

　　　　Plaintiff Calderon was employed by Defendants as a delivery worker at the healthy foods restaurant owned by Defendants, located at 11 West 8th Street, New York, NY 10011.

　　　　Plaintiff Calderon was employed by Defendants from approximately October 2017 until on or about September 17, 2018. From approximately October 2017 until on or about September 17, 2018, Plaintiff Calderon worked from approximately 8:45 a.m. until on or about 4:30 p.m., five days a week and from approximately 8:15 a.m. until on or about 1:15 p.m., one day a week (typically 43.75 hours per week). From approximately October 2017 until on or about January 2018, defendants paid Plaintiff Calderon $9.00 per hour for 37 hours. From approximately February 2018 until on or about September 17, 2018, Defendants paid Plaintiff Calderon $10.85

per hour for the first 37 hours worked and approximately $13.00 per hour for 3 hours. Throughout his employment with Defendants, Plaintiff Calderon was paid his wages by check.

Plaintiff Ramos was employed by Defendants as a delivery worker at the healthy foods restaurant owned by Defendants, located at 11 West 8th Street, New York, NY 10011.

Plaintiff Ramos was employed by Defendants from approximately September 2016 until on or about May 2018. From approximately September 2016 until on or about May 2018, Plaintiff Ramos worked from approximately 10:00 a.m. until on or about 5:00 p.m., Mondays through Fridays and from approximately 5:00 p.m. until on or about 12:00 a.m., on Saturdays (typically 42 hours per week). From approximately September 2016 until on or about December 2017, Defendants paid Plaintiff Ramos $9.00 per hour. From approximately January 2018 until on or about May 2018, Defendants paid Plaintiff Ramos $10.85 per hour. Throughout his employment with Defendants, Plaintiff Ramos was paid his wages by check.

Plaintiff Mejia was employed by Defendants as a delivery worker at the healthy foods restaurant owned by Defendants, located at 11 West 8th Street, New York, NY 10011.

Plaintiff Mejia was employed by Defendants from approximately February 2017 until on or about September 7, 2018. From approximately February 2017 until on or about August 2018, Plaintiff Mejia worked from approximately 10:00 a.m. until on or about 5:20 p.m., Mondays through Fridays and from approximately 10:30 a.m. until on or about 4:00 p.m., on Saturdays (typically 42.33 hours per week). From approximately August 2018 until on or about September 7, 2018, Plaintiff Mejia worked from approximately 10:00 a.m. until on or about 5:20 p.m., Mondays through Fridays (typically 36.66 hours per week). From approximately February 2017 until on or about December 2017, Defendants paid Plaintiff Mejia $9.00 per hour for 37 hours a week. From approximately January 2018 until on or about September 7, 2018, Defendants paid Plaintiff Mejia $10.85 per hour for 37 hours a week. Throughout his employment with Defendants, Plaintiff Mejia was paid his wages by check.

Plaintiffs were paid an hourly salary by Defendants that fell below the minimum wage rate. Defendants were not entitled to pay Plaintiffs below the minimum wage rate because, among other things, Plaintiffs each spent more than 20% of their day performing non-tipped work.

Plaintiffs therefore brought this action seeking to recover unpaid minimum wages, overtime wages, spread of hours, liquidated damages, interest, attorneys' fees, and costs, pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq*. ("FLSA"), the New York Minimum Wage Act, N.Y. Lab. Law §§ 650, *et seq*., and overtime wage orders of the New York Commission of Labor codified at N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6.

Defendants deny all liability.

The parties agreed on the settlement amount of $26,500 in order to avoid potentially significant and unanticipated burdens and expenses in establishing their respective positions through a trial.

Hon. Kevin N. Fox
February 27, 2019
Page 3 of 6

**Settlement**

The Settling Parties have agreed to resolve this action for the total sum of $26,500.00 which will be paid as outlined in **Exhibit A**. Plaintiffs allege they are entitled to back wages of approximately $30,167.98. Plaintiffs estimate that had they recovered in full for their claims, they would be entitled to approximately $103,865.67, which represents calculated actual damages, penalties, and interest, but excludes attorneys' fees and costs. The parties have agreed to settle this action for the total sum of $26,500, to be paid over a period of nine months. A copy of Plaintiffs' damages chart, breaking down each amount sought from Defendants, is attached as "**Exhibit B**."

The full sum of the settlement amount will be paid to Plaintiffs' attorneys, who will be responsible for distributing the settlement amount to the Plaintiff directly after deductions of counsel fees and costs.

There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F.Supp.2d 362, 365 (S.D.N.Y. 2013) (*quoting* Crabtree v. Volkert, Inc., 2013 WL 593500, at *3 (S.D.Ala. Feb. 14, 2013)). "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Id.* (*quoting* Le v. SITA Info. Networking Computing USA, Inc., 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). Courts consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." Wolinsky, 900 F.Supp.2d at 225 (*quoting* Medley v. Am. Cancer Soc., No. 10-cv-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

The agreement here is fair to the Plaintiffs. Plaintiffs have been represented by counsel throughout this lawsuit and have made an informed decision to settle the action prior to trial, without incurring further costs or encumbrance of trial. The Twenty-Six Thousand Five Hundred Dollars ($26,500.00) that Plaintiffs will be receiving accounts for any alleged unpaid minimum and overtime wages that they could have potentially recovered at trial, as well as attorneys' fees. Furthermore, the Agreement is the product of arm's-length bargaining between experienced counsel and there is no possibility of fraud or collusion.

**Plaintiffs' Attorneys' Fees are Fair and Reasonable**

Under the settlement, Plaintiffs' counsel will receive $8,833.33, one third of the settlement amount and less than double their lodestar amount.

Hon. Kevin N. Fox
February 27, 2019
Page 4 of 6

The amount provided to the Plaintiffs' counsel under the settlement is fair and reasonable as it is consistent with the range of fees typically awarded in cases in this Circuit. *See* Castaneda v. My Belly's Playlist LLC, No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also* Calle v. Elite Specialty Coatings Plus, Inc., 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit"). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable. *See* Alleyne v. Time Moving & Storage Inc., 264 F.R.D. at 60; *see also* McDaniel v. Cnty. of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010).

Given Plaintiffs' counsel's significant experience representing plaintiffs in New York City in wage and hour litigation, Plaintiffs' counsel was able to obtain a favorable pre-trial result due to the Settling Parties' cooperative exchange of information and frequent negotiations.

Attached hereto as **Exhibit C**, are Plaintiff's amended attorneys' time records. A brief biography of each attorney who performed billed work in this matter is as follows:

Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

Paul Hershan is an associate at Michael Faillace & Associates, P.C. He graduated from Fordham University School of Law in 2012. Following law school, he gained extensive trial and appellate litigation experience in the field of criminal law. Paul served as an Assistant District Attorney with the Bronx County District Attorney's Office for three years, then practiced primarily in the area of criminal defense before joining Michael Faillace & Associates, P.C. in April of 2018.

The requested attorneys' fees and costs in the parties' settlement are reasonable under the circumstances and Plaintiffs have agreed to these fees and costs by agreeing to the settlement amount. As a result, the fees should be approved.

**Conclusion**

Plaintiffs have been represented by counsel throughout this lawsuit, and Plaintiffs' counsel has agreed to the settlement amount based on the approval of his client. Plaintiffs' interests have thus been adequately safeguarded.

Hon. Kevin N. Fox
February 27, 2019
Page 5 of 6

In full consideration of the issues presented in *Cheeks,* we believe that the Settling Parties' agreement is fair and reasonable, and that the settlement should be approved. A Stipulation of Final Dismissal will be filed for so-ordering after execution of the agreement and upon receipt of confirmation from the Court that the settlement has been approved.

Thank you for your consideration in this matter.

Respectfully Submitted,

/s/ Michael Faillace
Michael Faillace, Esq.
Michael Faillace & Associates, P.C.
*Attorneys for Plaintiff*

cc: Andreas Koutsoudakis, Esq. (via ECF)
 *Attorney for Defendants*